UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------x
NEIL JOHNSON,
HIAWAT[H]A BURKS,
RONALD COUNTS,
JU[D]E FERNAND,
KASEY HARGE,
DEVON PANDY,
CARL STEVENS,
ROBERT TAYLOR,
KEVIN WASHINGTON and
The Sunni Muslim Community at
FCI Otisville,

                        Plaintiffs,

      - against-

Warden J. KILLIAN,
Chaplain RABBI LASKIN,
and Case Manager D. WYNKOOP, in their
official and individual capacities,

                        Defendants.
----------------------------------------x

07 Civ. 6641(LTS)(DFE)

MEMORANDUM AND ORDER

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/4/08

DOUGLAS F. EATON, United States Magistrate Judge.

    In an envelope postmarked May 28, 2008, plaintiff Kevin Washington sent me a Motion Requesting Appointment of Counsel, which had been signed in January by all of the individual plaintiffs. The Court of Appeals for the Second Circuit has held:

> When deciding whether to assign counsel to an indigent civil litigant under 28 U.S.C. § 1915(e)(1), we look first to the "likelihood of merit" of the underlying dispute. *Hendricks v. Coughlin*, 114 F.3d 390, 392 (2d Cir. 1997); *see also Cooper v. A. Sargenti Co.*, 877 F.2d 170, 174 (2d Cir. 1989) (*per curiam*). Thus, even though a claim may not be characterized as frivolous, counsel should not be appointed in a case where the merits of the indigent's claim are thin and his chances of prevailing are therefore poor. *See Cooper*, 877 F.2d at 172. Only after an initial finding that a claim is likely one of substance, will we consider secondary factors such as the factual and

legal complexity of the case, the ability of the litigant to navigate the legal minefield unassisted, and any other reason why in the particular case appointment of counsel would more probably lead to a just resolution of the dispute. *Hodge v. Police Officers*, 802 F.2d 58, 61-62 (2d Cir. 1986).

*Carmona v. U.S. Bureau of Prisons*, 243 F.3d 629, 632 (2d Cir. 2001). The Second Circuit has repeated this rule, and every judge in the Second Circuit must follow it. *See, e.g., Ferelli v. River Manor Health Care Center*, 323 F.3d 196 (2d Cir. 2003).

At this juncture, I am unable to say that the plaintiffs' claim is "likely one of substance." Accordingly, I deny their motion for appointed counsel. However, they may renew the request if their case survives a motion for summary judgment.

In the May 28, 2008 envelope, Mr. Washington enclosed a short letter noting that plaintiff Kasey Harge has left FCI Otisville and now lives at 1445 St. Marks #5, Brooklyn, NY 11233. I will continue to treat Mr. Washington as the contact person for the seven plaintiffs who are inmates at FCI Otisville. I will mail two copies of today's Memorandum and Order (and of any subsequent orders) to Mr. Washington. Similarly, I direct defense counsel (Mr. Li Yu) to serve any documents by mailing (a) one copy to plaintiff Neil Johnson at FCI Elkton, (b) two copies to Mr. Washington at FCI Otisville, and (c) one copy to Kasey Harge at 1445 St. Marks #5, Brooklyn, NY 11233. As to each such order or other document, I direct Mr. Washington to show the extra copy to the other plaintiffs at Otisville. If any of those plaintiffs should happen to leave FCI Otisville, I direct Mr. Washington to send each such plaintiff's new address to me, and to Mr. Yu, and to the Pro Se Office.

_____
DOUGLAS F. EATON
United States Magistrate Judge
500 Pearl Street, Room 1360
New York, New York 10007
Telephone: (212) 805-6175
Fax: (212) 805-6181

Dated:    New York, New York
          June 4, 2008

-2-

Copies of this Memorandum and Order are being sent to:

Neil Johnson
11679-014
Federal Correctional Institution-Elkton
P.O. Box 10
Lisbon, Ohio 44432

Kevin Washington
10886-007
Otisville Correctional Facility
P.O. Box 1000
Otisville, NY 10963
(two copies)

Kasey Harge
1445 St. Marks #5
Brooklyn, New York 11233

Li Yu, Esq.
Assistant United States Attorney
Southern District of New York
86 Chambers Street, 3rd Floor
New York, NY 10007

Pro Se Office

Hon. Laura Taylor Swain