

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*86 Chambers Street, Third Floor*
*New York, New York 10007*

August 15, 2008



**BY HAND DELIVERY**

Hon. Laura Taylor Swain
United States District Judge
United States Courthouse
500 Pearl St., Room 755
New York, NY 10007

Hon. Douglas F. Eaton
United States Magistrate Judge
United States Courthouse
500 Pearl St., Room 1360
New York, NY 10007

Re: *Johnson, et al. v. Killian, et al.*, 07 Civ. 6641 (LTS)(DFE)

Dear Judge Swain and Judge Eaton:

  This Office represents Warden J. Killian, a Federal Bureau of Prisons ("BOP") employee and the Warden of the Federal Correctional Institution at Otisville, New York ("FCI-Otisville), Rabbi Laskin, the Chaplain at FCI-Otisville, and Ms. D. Wynkoop, a case manager at FCI-Otisville (collectively, the "Defendants") in the above-referenced action. I write respectfully to request that the Court adjourn the briefing schedule regarding the Defendants' contemplated motion for severance and instead permit the Defendants to respond to the First Amended Complaint by August 29, 2008.

  By way of background, this case began in July 2007 when plaintiff Neil Johnson sought declaratory and injunctive relief as to the legality of the prayer policy at FCI-Otisville. On August 28, 2007, Mr. Johnson was transferred to FCI-Elkton. In an order dated November 30, 2007, Judge Eaton noted that Mr. Johnson's transfer mooted his declaratory and injunctive claims and directed Mr. Johnson to state whether he was claiming that FCl-Elkton continued to violate his right to perform congregational prayers. Instead of answering that question, Mr. Johnson proceeded to file the First Amended Complaint, along with the nine other individual plaintiffs who were then inmates at FCI-Otisville.

  The First Amended Complaint combines together two sets of largely unrelated claims: first, it seeks injunctive and monetary relief against Warden Killian, alleging that the prayer policy she has implemented at FCI-Otisville fails to accommodate Islamic beliefs and practices; second, Mr. Johnson alone presses claims against Ms. Wynkoop, alleging that she engaged in First Amendment retaliation against him by withholding information about his transfer to FCI-Elkton. Because the combination of these two sets of claims raising different

Copies mailed/faxed to    *AUSA*
Chambers of Judge Swain    *9-2-08*

legal theories and requiring disparate factual proof could result in unnecessary motion practice and discovery, the Defendants sought leave from the Court to seek severance of plaintiff Neil Johnson's claims from the claims of the other plaintiffs. In an order dated August 5, 2008, Judge Eaton granted my request and set a briefing schedule, with the opening brief due today. Pursuant to that August 5th Order, the Defendants' response to the First Amended Complaint is due 15 days after a decision on the contemplated severance motion is issued.

Based on facts obtained in the course of preparing for the severance motion and upon further reflection, however, the Defendants respectfully submit that judicial economy will be better served at this juncture if, in lieu of seeking severance, the Defendants were permitted to respond to First Amended Complaint. Specifically, a review of the BOP's administrative grievance records suggests that all injunctive claims with respect to FCI-Otisville's policy on congregate prayers are barred because plaintiffs failed to exhaust administrative remedies and/or lack standing. Further, the review of the grievance records suggests that, with the lone exception of the First Amendment retaliation claim against Ms. Wynkoop asserted by Mr. Johnson, the administrative exhaustion requirement also bars all other *Bivens* claim asserted in this action. Thus, a partial motion to dismiss those claims would advance the interests of efficiency and judicial economy.

Accordingly, I respectfully request that the Court adjourn the briefing schedule for the Defendants' severance motion and permit the Defendants to respond instead to the First Amended Complaint by August 29, 2008. Moreover, as I expect that the Defendants will move for partial dismissal of all claims barred by the administrative exhaustion requirement or other applicable defenses, I further respectfully request that the briefing on any such partial motion to dismiss proceed according to the following schedule, or pursuant to another schedule that is more convenient for the Court:

| | |
|---|---|
| Opening brief due | August 29, 2008 |
| Opposition due | September 19, 2008 |
| Reply due | September 29, 2008 |

In light of the fact that plaintiffs are proceeding *pro se* and are (except for Mr. Washington) currently incarcerated and because Defendants believe they are entitled to dismissal of all claims (with the exception of Mr. Johnson's retaliation claims), I respectfully request a waiver of the requirement pursuant to Rule 2.B. of Judge Swain's Individual Practice Rules for parties to seek informal resolution before Defendants move for partial dismissal. In the alternative, I respectfully request that the Court extend the August 29, 2008 deadline so as to allow the parties to pursue informal resolution.

I sincerely apologize to the Court for any inconvenience occasioned by the timing of these requests and thank the Court for its consideration of this matter.

Respectfully,

MICHAEL J. GARCIA
United States Attorney

By: /s/ Li Yu
LI YU
Assistant United States Attorney
86 Chambers Street, Third Floor
New York, New York 10007
Tel: (212) 637-2734
Fax: (212) 637-2686

cc:  Kevin Washington (Two Copies By First-Class Mail)
10886-007
FCI-Otisville
P.O. Box 1000
Otisville, New York 10963

Neil Johnson (By First-Class Mail)
11679-014
FCI-Elkton
P.O. Box 10
Lisbon, Ohio 44432

Kasey Harge (By Federal Express)
1445 St. Marks # 5,
Brooklyn, New York 11233

*The proposed briefing schedule and request for waiver of Rule 2B are granted.*

SO ORDERED.

NEW YORK, NY
Sept 2, 2008
LAURA TAYLOR SWAIN
UNITED STATES DISTRICT JUDGE

3