```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------X
NEIL JOHNSON, HIAWATA BURKS, RONALD
COUNTS, JU[D]E FERNAND, KASEY HARGE, DEVON
PANDY, CARL STEVENS, ROBERT TAYLOR, KEVIN
WASHINGTON, and THE SUNNI MUSLIM COMMUNITY
AT FCI OTISVILLE,                              MEMORANDUM & ORDER

                         Plaintiffs,           07 Civ. 6641 (NRB)

        - against -

WARDEN J. KILLIAN, RABBI LASKIN, and CASE
MANAGER D. WYNKOOP, in their individual
and official capacities,

                         Defendants.
------------------------------------------X
```

**NAOMI REICE BUCHWALD**
**UNITED STATES DISTRICT JUDGE**

Pending before the Court is plaintiffs' motion for reconsideration, pursuant to Federal Rule of Civil Procedure 59(e), of the Court's opinion of April 21, 2009 dismissing all of plaintiffs' claims against defendants except for plaintiff Johnson's First Amendment retaliation claim against defendant Wynkoop. A motion for reconsideration is "an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources," In re Initial Public Offering Sec. Litig., 399 F. Supp. 2d 298, 300 (S.D.N.Y. 2005) (internal citation and quotation marks omitted), aff'd sub nom Tenney v. Credit Suisse First Boston Corp., Inc., Nos. 05 CV. 3430, 05 CV. 4759, & 05 CV. 4760, 2006 WL 1423785, at *1 (2d

Cir. 2006), and appropriate only when a court overlooks "controlling decisions or factual matters that were put before it on the underlying motion" and which, if examined, might reasonably have led to a different result. Eisemann v. Greene, 204 F.3d 393, 395 n. 2 (2d Cir. 2000). Moreover, a motion for reconsideration should not be treated as a "second bite of at the apple" for a party dissatisfied with a court's ruling. Sequa Corp. v. GBJ Corp., 156 F.3d 136, 144 (2d Cir. 1998). Similarly, it is not appropriate to use a motion for reconsideration as a vehicle to advance new theories a party failed to articulate in arguing the underlying motion. See Griffin Ins., Inc. v. Petrojam, Ltd., 72 F. Supp. 2d 365, 368 (S.D.N.Y. 1999).

Plaintiffs' motion for reconsideration must be denied because they have pointed to no "controlling decisions or factual matters" that were put before the Court and that, if examined, might reasonably have led to a different result. Further, plaintiffs' papers indicate a misunderstanding of the Court's previous opinion insofar as they refer to arguments about the personal involvement of Rabbi Laskin, a point immaterial to the Court's dismissal based on plaintiffs' failure to exhaust their available administrative remedies.

However, in reading the Court's opinion of April 21, 2009, we have observed some inconsistencies between the body of the

2

opinion and the conclusory paragraph. Accordingly, the conclusion is amended to read:

> For the foregoing reasons, all of plaintiff's claims are dismissed with prejudice, except for plaintiff Johnson's First Amendment retaliation claim against defendant Wynkoop; and plaintiffs' cross-motion is denied.

This concluding paragraph reflects Judge Swain's determination that all plaintiffs, regardless of whether they are currently housed in FCI Otisville or not, failed to exhaust their religious freedom claims and that their failures were unexcused. Thus, all dismissals should be with prejudice. Plaintiffs who have been transferred from Otisville are in no position to now raise claims against defendants for conduct that occurred while they were housed there, given that their time to exhaust those claims has long since expired and that their failure to exhaust was unexcused. In contrast, if any plaintiff who still is housed at Otisville believes that there are ongoing violations of the Religious Freedom Restoration Act, 42 U.S.C. § 2000bb, or the First Amendment of the Constitution, this opinion does not preclude such plaintiffs from filing timely grievances related to any ongoing conduct. If any inmate exhausts his administrative remedies and does not resolve his grievance, he is not precluded from filing a new action in federal court.

We also withdraw the reference to Magistrate Judge Eaton and provide that all pretrial discovery shall be concluded by

September 15, 2009. Dispositive motions, if any, should be submitted no later than October 15, 2009. In the absence of the submission of a dispositive motion by October 15, 2009, this case will be considered ready for trial.

**SO ORDERED.**

Dated:   New York, New York
         June 22, 2009

NAOMI REICE BUCHWALD
UNITED STATES DISTRICT JUDGE

Copies of the foregoing Memorandum and Order have been mailed on this date to the following:

Neil Johnson
ID# 11679-014
FCI Elkton
P.O. Box 10
Lisbon, OH 44432

Li Yu, Esq.
Office of the U.S. Attorney
Civil Division
86 Chambers Street
New York, NY 10007

4